IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY WONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-1470 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC. and RYAN ARNOLD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, the motion to dismiss [24] is granted in part and denied in part. Specifically, the motion is granted with respect to Counts IV, VI, VII, VIII, and IX, which are dismissed without prejudice. The motion is denied with respect to Count V. Plaintiff is given until April 5, 2021, to file an amended complaint, if she wishes and can do so consistent with the reasoning in this order and Federal Rule of Civil Procedure 11. The parties are directed to file a joint status report no later than April 12, 2021 that includes (a) an agreed schedule for Defendant(s) to answer or otherwise plead to any amended complaint that is filed;[1] (b) an agreed schedule for any renewed motion to dismiss that LEYE may wish to file; (c) an updated discovery plan, including a proposed fact discovery cutoff date, and (d) a statement in regard to any settlement discussions and any mutual interest in a referral to the Magistrate Judge for a settlement conference.

---

[1] If Plaintiff files an amended complaint that makes no changes in regard to the allegations and claims against Defendant Arnold, he may consider whether he wishes simply to ask the Court to adopt his prior answer as his responsive pleading to the amended complaint. If, on the other hand, Arnold wishes to file a new answer, he may do so.

I.  **Background**[2]

Plaintiff Emily Wong ("Plaintiff") has filed a suit against her former employer, Lettuce Entertain You Enterprises, Inc. ("Defendant" or "LEYE") and her former boss, Ryan Arnold ("Arnold"), stemming from an alleged sexual assault. LEYE has moved to dismiss the claims against it. The Court now sets forth the facts relevant to resolving the motion in the light most favorable to Plaintiff.

LEYE hired Plaintiff as a public relations associate in 2017. [*Id.* at ¶ 8.] Her job was to promote the LEYE brand by creating and maintaining a positive public image for the its restaurant group. [*Id.* at ¶ 13.] Her duties included coordinating media events and preparing chefs and LEYE personnel for national-media interviews, which often occurred out of the office and during evenings and weekends. [*Id.* at ¶¶ 14-15.] Plaintiff was Arnold's primary publicist and was frequently assigned to work at the restaurants that Arnold serviced. [*Id.* at ¶¶ 16-17.]

At some point in 2017, a winery representative from Mt. Beautiful Wines offered Plaintiff and Arnold a trip to New Zealand in exchange for Arnold placing its wines on LEYE's restaurants' wine lists. [*Id.* at ¶ 18]. On November 5, 2018, Arnold asked Plaintiff to come over to his residence to drink wine and call the winery representative. [*Id.* at ¶ 20]. Plaintiff arrived at Arnold's residence in the late afternoon, and they shared champagne and discussed the trip to New Zealand. [*Id.* at ¶ 22.] They then went to a nearby restaurant, ate dinner and had another glass of wine, and returned to Arnold's residence and had another drink. [*Id.* at ¶¶ 23-25.] As they sat on the couch, Arnold began kissing Plaintiff, but she soon withdrew her consent. [*Id.* at ¶ 27.] Arnold continued to engage in unwanted and nonconsensual conduct, including kissing, groping, and reaching under

---

[2] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff's clothes, which Plaintiff alleges constitute sexual assault. [*Id.* at ¶¶ 28-39.] Eventually, Arnold stopped long enough for Plaintiff to get up from the couch, order a rideshare, and leave Arnold's residence. [*Id.* at ¶¶ 40-41.]

On Monday, November 12, 2018, Plaintiff arrived at the corporate offices of LEYE to speak to her supervisor, Emily Clark, and the Vice President of Marketing, Jennifer Bell. [*Id.* at ¶ 46.] She reported the events of November 5th without naming Arnold, but Bell realized his identity, at which point she asked Plaintiff to speak with Susie Southgate-Fox, the head of human resources at LEYE. [*Id.* at ¶¶ 47-50.] Plaintiff then spoke with. Southgate-Fox, who asked questions such as "why were you even there [at Mr. Arnold's residence]" and said that firing Arnold would be a "drastic" response. [*Id.* at ¶¶ 52-53.]

Shortly after Plaintiff's conversation with Southgate-Fox, LEYE instructed Plaintiff to stay away from the restaurants at which Arnold was the director and not to participate in two media events, which were an important part of her job. [*Id.* at ¶¶ 56-57.] On November 14, Southgate-Fox had another meeting with Plaintiff, which included John Simmons, a vice president of human resources at LEYE. [*Id.* at ¶ 58-59.] Southgate-Fox asked Plaintiff additional questions, such as "Do you think [Arnold] thinks he did anything wrong?" and whether she thought Arnold should be fired. When Plaintiff turned that last question back on Southgate-Fox, she responded, "I don't know, that's what we're trying to figure out." [*Id.* at ¶¶ 62-64.]

On November 21, 2018, terminated Plaintiff's access to her email account and set up an automated response from her email address that read "Emily [Wong] is currently out of the office with limited access to email or voicemail. Please contact Emily Clark (eclark@leye.com) in her absence. Thanks [sic] you." [*Id.* at ¶¶ 65-66.] That same day, LEYE placed Plaintiff on a paid leave. [*Id.* at ¶ 67.] Shortly after that, other LEYE employees began performing the core and

3

essential tasks of Plaintiff's job, which Plaintiff says constructively terminated her position. [*Id.* at ¶ 68.]

Documents attached to Plaintiff's complaint show that she filed charges against LEYE and Arnold with the Illinois Department of Human Rights ("IDHR"). [See 1-1 at 19-20.] On September 18, 2019, the IDHR provided to LEYE a "Notice of Opt Out of IDHR's Investigative and Administrative Process and of Right to Commence an Action in Circuit Court." [*Id.* at ¶ 69.] It provided the same notice to Arnold. [*Id.* at ¶ 70.] On October 8, 2019, Plaintiff filed a nine-count complaint against Arnold and LEYE in the Circuit Court of Cook County, which LEYE removed to this Court. LEYE now moves to dismiss the claims against it, Counts IV through IX.

## II. Legal Standard

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S.

4

at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

### III. Analysis

#### A. Count IV: Vicarious Liability

Count IV purports to set forth a claim for vicarious liability against LEYE. But vicarious liability is not an independent cause of action under Illinois law. *Mohammed v. Naperville Cmty. Unit Sch. Dist. 203*, 2021 WL 428831, at *2 (N.D. Ill. Feb. 8, 2021) (citing *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 980 (Ill. 2012)). Therefore, Plaintiff's claim for vicarious liability in and of itself must be dismissed.

Plaintiff may, however, be able to allege that LEYE is vicariously liable for some or all of the actions of its employee, Ryan Arnold. Despite LEYE's early challenges to that line of argument [see 25 at 5-6], at this early stage of the case, it is appropriate to give Plaintiff an opportunity to consider whether, consistent with Rule 11, she can amend the complaint to assert

an actionable claim or claims against LEYE under a theory of vicarious liability relating to Arnold's acts within the scope of his employment. Count IV is dismissed without prejudice.

### B. Counts V: Sexual Harassment

LEYE argues that the sexual harassment claim against it in Count V is preempted by the Illinois Human Rights Act ("IHRA"). [25 at 6.] The IHRA preempts suits for certain civil rights violations and, according to LEYE, sexual harassment is a civil rights violation under the IHRA, so Plaintiff's claim is preempted and should be dismissed.

Plaintiff responds that the sexual harassment claim is not preempted, but the response brief does not directly explain how. Instead, it argues that a recent change in the IHRA allows a person to opt out of the IDHR investigation process, citing 775 ILCS 5/7A-102(C-1). After opting out, Plaintiff says, a complainant can then take the case to the appropriate Illinois circuit court. Plaintiff also states that she opted out of the IDHR investigation process, received her right to sue letter, and appropriately brought the sexual harassment claim in Illinois state court (before it was removed to this Court).

Neither party explains how (or whether) preemption and the opt-out are related, or provides an overview of the relevant regulatory scheme, but the Court believes that a brief review is helpful for sorting out this conflict. The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over allegations of civil rights violations brought under Illinois law. 775 Ill. Comp. Stat. 5/8-111(D) (2008) (stating that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act"); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006). The IHRA specifically bans sexual harassment in employment as a "civil rights violation." 775 ILCS 5/2-102(D); *Freelain v. Vill. of Oak Park*, 2018 WL 1635853, at *2 (N.D. Ill. Apr. 5, 2018).

However, after bringing the claim with the IDHR, the IHRA does lay out some ways to bring the claim in the circuit court—for example, if the IDHR finds no substantial evidence of discrimination, 775 ILCS 5/7A-102(D)(3), or if the IDHR fails to complete its investigation within 365 days, 775 ILCS 5/7A-102(G)(2). Over time, the IRHA has been amended in ways that increase plaintiffs' opportunities to pursue claims in court and ways that bring the Illinois regulatory scheme in line with similar federal regulatory schemes. For example, the 2008 amendments granted original jurisdiction over IHRA claims to both the Illinois Human Rights Commission and Illinois circuit courts, and the 2018 increased the time in which employees may file a charge of discrimination with the IDHR from 180 days to 300 days, which is the EEOC's filing deadline.

One recent amendment added a provision that allows complainants who file with the IDHR to opt out of its investigatory process. 775 ILCS 5/7A-102(C-1). Plaintiff argues that a complainant who opts out then receives a right to sue letter from the IDHR and may bring a claim in Illinois circuit court. [34 at 7-8.]. Though caselaw on the opt out provision is limited, Plaintiff's interpretation appears to be correct, as the provision (at least implicitly) authorizes a complainant who opts out to "commence an action in the appropriate circuit court or other appropriate court of competent jurisdiction." 775 ILCS 5/7A-102(C-1). More broadly, allowing a complainant to opt out of the administrative investigatory process and bring a lawsuit is in line with the parallel federal EEOC process for pursuing this type of claim, which matches the direction of other recent amendments to the IHRA. And a contrary interpretation makes little sense. It seems implausible that the General Assembly would give complainants an illusory right to file a claim that would inevitably be dismissed on preemption grounds. According to the complaint and its attachments, Plaintiff successfully opted out of the IDHR investigatory process and received notice of her right

to commence a suit in state court, which she did. On those grounds, LEYE's motion to dismiss is denied with respect to Count V.

### C. Count VI: Retaliatory Discharge

LEYE makes two arguments for dismissing Plaintiff's retaliatory discharge claim. The first is that it is inextricably tied to the sexual harassment claim and therefore preempted by the IHRA. The Court rejects this argument under the interpretation of the IHRA and the opt-out provision described in the previous section.

LEYE's second point—that the complaint fails to plead two required elements of retaliatory discharge—is more persuasive. To state a claim for retaliatory discharge under Illinois law, a plaintiff must allege that "(1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Walker v. Ingersoll Cutting Tool Co.*, 915 F.3d 1154, 1157 (7th Cir. 2019) (quoting *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 374 (2009)). LEYE argues that the complaint does not assert that Plaintiff was actually discharged and that "constructive discharge" is not enough under Illinois law. [25 at 7-8.] LEYE further contends that the complaint does not allege that LEYE violated any clear mandate of public policy.

Plaintiff fails to respond to the constructive discharge point, and thus waives the argument for purposes of this motion. *Appel v. LaSalle Cty. State's Attorney Felony Enf't Unit*, 2019 WL 4189461, at *3 (N.D. Ill. Sept. 4, 2019) ("A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim.") (citations omitted). As LEYE points out, Illinois courts have found that plaintiffs must allege actual discharge; Illinois courts do not recognize retaliation claims based on constructive discharge. *Hartlein v. Ill. Power Co.*, 151 Ill. 2d

142, 163 (1992) (holding that a retaliatory discharge claim does not encompass claims of constructive discharge); *Seddon v. Maytag Corp.*, 178 F. App'x 557, 559 (7th Cir. 2006). This alone is enough to find that the existing complaint does not state a plausible claim for retaliatory discharge.

On LEYE's second argument, Plaintiff responds that the existence of a public policy on point is a question for the Court and adds (without citation) that the complaint should not be dismissed for failure to identify a public policy implication. The problem for Plaintiff is that purely private disputes do not qualify as violations of public policy. See *O'Connell v. Continental Elec. Const. Co.*, 2011 WL 4916464, at *10 (N.D. Ill. Oct. 17, 2011) (dismissing retaliatory discharge claim in part because plaintiff's complaints to management about a coworker "merely reflect[ed] a private concern," that "did not implicate any larger public policy concerns."); *Seeman v. Wes Kochel, Inc.*, 64 N.E.3d 708, 713 (Ill. App. Ct. 2016), citing *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 879 (1981) (retaliatory discharge claims are denied where it is "clear that only private interests are at stake"). Plaintiff here has not alleged facts that raise her claim above a private dispute or implicate a public policy. This too is a deficiency that prevents her from stating a claim for retaliatory discharge, so Count VI is dismissed, though again without prejudice.

    **D.**    **Count VII: Negligent Supervision**

Count VII is for negligent supervision, which LEYE argues is preempted by the Illinois Workers' Compensation Act ("IWCA") 820 ILCS 305/*et seq*. The Workers' Compensation Act is the exclusive remedy for accidental injuries transpiring in the workplace. *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017) (citing *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1225 (1990)). To circumvent this exclusivity rule, a plaintiff must demonstrate that her injury (1) "was not accidental," (2) "did not arise from her employment," (3) "was not received

during the course of her employment," or (4) "is not compensable under the Act." *Hunt–Golliday v. Metro. Water Reclamation Dist. of Greater Chi.*, 104 F.3d 1004, 1016 (7th Cir. 1997) (citing *Meerbrey*, 564 N.E.2d at 1226). LEYE focuses on the first category, arguing that intentional torts by employees are "accidental" by law, unless the employer ordered the employee to commit the intentional tort, which Plaintiff here did not and cannot allege. [25 at 19 (citing *Meerbrey*, 564 N.E.2d at 1226)]. Plaintiff responds that she need not establish that her injury was not accidental if her injury is not compensable by the IWCA. The complaint seeks punitive damages, which the IWCA does not allow, so Plaintiff argues that her negligent supervision claim is not preempted.

LEYE points out, correctly, that Plaintiff's injuries arose from her employment and therefore are compensable under the IWCA. The question is whether the IWCA provides *a* remedy for the plaintiff's injuries, not whether it allows the specific remedies the plaintiff would prefer. Here, Plaintiff alleges injuries arising from her employment, which are preempted by the IWCA, and she may not evade that rule simply by seeking an additional type of damages. LEYE's motion to dismiss is granted with respect to Count VII.

### E. Count VIII: Violation of the Illinois Whistleblower Act

Plaintiff seeks leave to replead this count without directly addressing any of LEYE's arguments. The Court grants LEYE's motion to dismiss with respect to Count VIII, but without prejudice. At this early stage of the case, the interest of justice suggests Plaintiff should be allowed an opportunity to correct deficiencies in the complaint, if she can. But LEYE's arguments should put Plaintiff on notice of potential problems with the claim, and of course any amendment by Plaintiff is subject to Rule 11.

### F. Count IX: Violation 740 ILCS 174/20.1

Count IX asserts a violation of Section 20.1 of the Illinois Whistleblower Act ("IWA"). Section 20.1 states that:

> Any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliation by an employer under this Act if the act or omission would be materially adverse to a reasonable employee and is because of the employee disclosing or attempting to disclose public corruption or wrongdoing.

740 ILCS 174/20.1. LEYE argues that the complaint does not allege any public corruption or wrongdoing that Plaintiff disclosed or was attempting to disclose. Plaintiff responds that all the complaint must do is put the defendant on notice of the claim. [34 at 12.]

The Court cannot find any allegation in Plaintiff's complaint, even taking it in the light most favorable to Plaintiff, that even touches on public corruption or wrongdoing. The complaint alleges that Plaintiff, a private employee of LEYE, a private company, made a complaint to LEYE about her boss. The complaint does not include allegations related to public officials, public entities, government resources or contracts, or even a matter of public concern, such as public health. So the complaint, as written, does not contain facts that fall within the scope of Section 20.1, and the Court is doubtful that amendments could bring it there. But, in an abundance of caution, the Court will give Plaintiff the chance to try, if she can do so consistent with Rule 11. Therefore, LEYE motion is granted with respect to Count IX, but without prejudice.

### IV. Conclusion

For the reasons explained above, the motion to dismiss [24] is granted in part and denied in part. Specifically, the motion is granted with respect to Counts IV, VI, VII, VIII, and IX, which are dismissed without prejudice. The motion is denied with respect to Count V. Plaintiff is given until April 5, 2021, to file an amended complaint, if she wishes and can do so consistent with the

11

reasoning in this order and Federal Rule of Civil Procedure 11. The parties are directed to file a joint status report no later than April 12, 2021 that includes (a) an agreed schedule for Defendant(s) to answer or otherwise plead to any amended complaint that is filed;[3] (b) an agreed schedule for any renewed motion to dismiss that LEYE may wish to file; (c) an updated discovery plan, including a proposed fact discovery cutoff date, and (d) a statement in regard to any settlement discussions and any mutual interest in a referral to the Magistrate Judge for a settlement conference.

Dated: March 5, 2021

Robert M. Dow, Jr.
United States District Judge

---

[3] If Plaintiff files an amended complaint that makes no changes in regard to the allegations and claims against Defendant Arnold, he may consider whether he wishes simply to ask the Court to adopt his prior answer as his responsive pleading to the amended complaint. If, on the other hand, Arnold wishes to file a new answer, he may do so.