**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EMILY WONG, an Individual,** | |
| Plaintiff, | |
| v. | Case No.  1:20-cv-01470 |
| **LETTUCE ENTERTAIN YOU ENTERPRISES, INC. and Illinois Corporation, and RYAN ARNOLD, an Individual,** | Judge:     Honorable Robert M. Dow |
| Defendants. | |

## DEFENDANT LETTUCE ENTERTAIN YOU ENTERPRISES, INC.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Lettuce Entertain You Enterprises, Inc. ("LEYE"), by and through its counsel Littler Mendelson, P.C., states its Answer to the Complaint of Plaintiff Emily Wong ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

On March 5, 2021, this Court dismissed Count IV ("Vicarious Liability"), Count VI ("Retaliatory Discharge"), Count VII ("Negligent Supervision"), Count VIII ("Section 20 of the Illinois Whistleblower Act"), and Count IX ("Section 15.1 of the Illinois Whistleblower Act"). (Dkt. No. 40).  The Plaintiff's remaining claim against LEYE in this action is Count V ("Sexual Harassment").  Accordingly, LEYE limits its answer to Count V.

### INTRODUCTION AND PARTIES

1.      Plaintiff's Complaint and claims against the Defendant arise from Plaintiff's employment from on or about March 29, 2017, up to and including on or about November 2018.

**ANSWER:**     LEYE admits that Plaintiff was hired in March 2017.  Answering further, LEYE admits that Plaintiff was but is no longer employed by LEYE.  LEYE denies the remaining allegations in paragraph 1 of the Complaint.

2.      At all relevant times, Plaintiff, Emily Wong, an individual, was a resident of Cook County, Illinois.

**ANSWER:**     LEYE admits that Plaintiff is an individual.  LEYE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint and accordingly, denies them.

3.      At all relevant times, Defendant LEYE, was a corporation organized under the laws of the State of Illinois, conducting business in Cook County, Illinois.

**ANSWER:**     LEYE admits the allegation in paragraph 3 of the Complaint.

4.      At all relevant times, Defendant Arnold, an individual, was a resident of Cook County, Illinois.

**ANSWER:**     LEYE admits that Defendant Ryan Arnold ("Arnold") is an individual. LEYE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint and accordingly, denies them.

5.      Plaintiff seeks to recover from the Defendants damages resulting from its tortious conduct.

**ANSWER:**     LEYE admits that Plaintiff seeks to recover damages from LEYE.  LEYE denies engaging in tortious conduct and affirmatively states that the Court granted LEYE's motion to dismiss Plaintiff's tort claims.  LEYE denies that Plaintiff is entitled to any relief whatsoever and denies the remaining allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to 735 ILCS 5/2-209 because the causes of action arise from the tortious actions by the Defendants. Jurisdiction is also proper where the tortious conduct by the Defendants occurred within the State of Illinois.

**ANSWER:**    LEYE admits this Court has jurisdiction over Plaintiff's sexual harassment claim but denies discriminating against, harassing, or committing any "tortious actions" against Plaintiff in any way.  LEYE denies the remaining allegations in paragraph 6 of the Complaint.

7.      Venue is proper pursuant to 735 ILCS 5/2-101 because the causes of action arise from conduct that occurred in Cook County, Illinois.

**ANSWER:**    LEYE admits venue is proper in this Court.  LEYE denies the remaining allegations in paragraph 7 of the Complaint.

## FACTS COMMON TO ALL COUNTS

***Background Concerning Employment of Ms. Wong and Lettuce Entertain You***

8.      Wong began working for LEYE on or about March 29, 2017.

**ANSWER:**    LEYE admits that Plaintiff was hired in March 2017.  LEYE denies the remaining allegations in paragraph 8 of the Complaint.

9.      Wong was constructively terminated by LEYE on or about November 21, 2018, for reporting the sexual assault by one of its employees to the human resources department of LEYE.

**ANSWER:**    LEYE denies the allegations in paragraph 9 of the Complaint.

10.      Prior to her termination by LEYE, Wong was a public relations associate.

**ANSWER:**    LEYE admits that LEYE employed Plaintiff as a public relations associate. LEYE denies the remaining allegations in paragraph 10 of the Complaint.

11.      Upon information and belief, Arnold initially worked for LEYE from 2004 through 2006 and returned in 2012 as a wine director.

**ANSWER:** LEYE admits that it employed Arnold from 2004 until early 2006 and again from 2012 until late 2018, and that his most recent position was divisional wine sommelier. LEYE denies the remaining allegations in paragraph 11 of the Complaint.

12. Upon information and belief, prior to the events giving rise to this cause of action, Arnold was going to be promoted to a partner within LEYE.

**ANSWER:** LEYE admits that, prior to November 2018, Arnold was nominated for partnership consideration by LEYE's partners. LEYE denies the remaining allegations in paragraph 12 of the Complaint.

### *Ms. Wong's Employment Responsibilities*

13. In the course of her duties as a public relations associate, Wong was charged with promoting the LEYE brand by creating and maintaining a positive public image for the its [sic] restaurant group.

**ANSWER:** LEYE admits that its public relations associates are responsible for, among other things, promoting the LEYE brand by creating and maintaining a positive public image for LEYE. LEYE denies the remaining allegations in paragraph 13 of the Complaint.

14. In the course of her duties, Wong coordinated media events, prepared chefs and LEYE personnel for national-media interviews and undertook those responsibilities common for a public relations associate to promote the LEYE brand.

**ANSWER:** LEYE admits that its public relations associates are responsible for, among other things, coordinating media events and preparing LEYE employees for interviews with the members of the media. LEYE denies the remaining allegations in paragraph 14 of the Complaint.

15. In order to competently perform her duties, and as typical in the restaurant industry, Ms. Wong often worked non-traditional hours and locations, performing many of her duties off-site and during evening hours and on the weekend.

**ANSWER:** LEYE admits that Plaintiff, on occasion, worked during LEYE restaurant operating hours, which are outside the hours of 9:00 a.m. to 5:00 p.m. and include weekends. LEYE denies the remaining allegations in paragraph 15 of the Complaint.

### *Ms. Wong as Exclusive Publicist for Ryan Arnold*

16. Upon information and belief, Ms. Wong was Mr. Arnold's main publicist, working to promote Arnold's esteem within the community and enhancing his profile as one of nation's premier sommeliers.

**ANSWER:** LEYE denies the allegations in paragraph 16 of the Complaint.

17. As a result, Ms. Wong was frequently assigned to work at the restaurants that Arnold serviced.

**ANSWER:** LEYE admits that Plaintiff was responsible for promoting several LEYE restaurants, including restaurants where Arnold worked, and that such work occasionally required Plaintiff to visit those restaurants. Answering further, LEYE states that Plaintiff also visited these restaurants on her personal time for non-work related purposes. LEYE denies the remaining allegations in paragraph 17 of the Complaint.

18. At some point in 2017, a representative from Mt. Beautiful Wines (hereinafter, "Mt. Beautiful") offered Arnold and Wong a trip to New Zealand if Arnold agreed to place Mr. Beautiful's wines on his wine lists in late 2017.

**ANSWER:** Upon information and belief, LEYE admits that Plaintiff claims that in 2017, Caitlin Manning, a representative from Mt. Beautiful Wines ("Mt. Beautiful), informed Plaintiff that Mt. Beautiful would send her and Arnold to New Zealand if Mt. Beautiful wines were placed on the wine lists of LEYE's restaurants (the "New Zealand trip"), and that Plaintiff discussed this arrangement with Arnold. LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 18 of the Complaint and denies said allegations.

19.     This trip was a source of continued communication throughout the year, and in early October 2018 it appeared to be going forward. As a result, Arnold told Wong they needed to confirm and discuss the trip with a Mt. Beautiful representative.

**ANSWER:**     Upon information and belief, LEYE admits that Plaintiff claims that she and Arnold discussed the New Zealand trip on several occasions.  LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 19 of the Complaint and denies said allegations.

20.     On the afternoon of Monday, November 5, 2018, Ms. Wong texted Mr. Arnold asking for his submission for a media query from an online news source. Arnold suggested that Ms. Wong visit Mr. Arnold's residence where they could have some wine and call the representative from Mt. Beautiful.

**ANSWER:**     Upon information and belief, LEYE admits that on the afternoon of November 5, 2018, Plaintiff texted Arnold.  LEYE denies the remaining allegations of paragraph 20 of the Complaint.

21.     At approximately 4:53 PM on Monday, November 5, 2018, Ms. Wong arrived at Mr. Arnold's residence for the purpose of discussing the trip and otherwise continue the effort of promoting Mr. Arnold's status within the restaurant industry.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 21 of the Complaint and therefore denies said allegations.

22.     Mr. Arnold subsequently opened a bottle of Champagne and poured two glasses. Wong had two glasses of the Champagne and the two began discussing the trip to New Zealand as well as other matters related to Ms. Wong's responsibility of acting as the publicist for Arnold.

**ANSWER:**     LEYE denies that Plaintiff had the "responsibility of acting as the publicist for Arnold.  LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 22 of the Complaint and therefore denies said allegations.

23.    Mr. Arnold and Ms. Wong left Mr. Arnold's residence and decided to eat at Owen & Engine, a restaurant in Cook County, Illinois. They shared a burger and scotch egg, along with another glass of sparkling wine.

**ANSWER:**    LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 23 of the Complaint.

24.    Ms. Wong and Mr. Arnold then returned to Mr. Arnold's residence, as Ms. Wong had forgotten her keys on Mr. Arnold's kitchen table.

**ANSWER:**    LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 24 of the Complaint.

25.    While at Mr. Arnold's residence, Arnold opened up a bottle of Pinot Noir, of which Ms. Wong and Mr. Arnold drank approximately three quarters of one glass each.

**ANSWER:**    LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 25 of the Complaint.

26.    Shortly thereafter, Ms. Wong sat on Mr. Arnold's couch next to his dog. Mr. Arnold was also seated on the couch, on the opposite side of the dog.

**ANSWER:**    LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 26 of the Complaint.

27.    Mr. Arnold then started to kiss Ms. Wong. At first, Ms. Wong kissed back. After a few moments, and clearly withdrawing any consent to participate in any sexual activity with Mr. Arnold, she stated to Mr. Arnold "no."

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 27 of the Complaint.

28. As Ms. Wong told Mr. Arnold "no" and as Mr. Arnold was leaning into her, she pushed Mr. Arnold away from her body using her hands against his chest.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 28 of the Complaint.

29. Completely ignoring both her clear verbal withdrawal of consent, as well as the physical indication that she wanted Mr. Arnold to stop immediately, Mr. Arnold stood and aggressively pushed Ms. Wong back on his couch, prompting even the dog to jump off the couch.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 29 of the Complaint.

30. Mr. Arnold then forcefully lifted Ms. Wong's shirt and bra, feeling her breasts with both of his hands.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 30 of the Complaint.

31. For the second time, Ms. Wong verbally told Mr. Arnold to stop as he continued to kiss her. Trying to escape an escalating situation, Ms. Wong pulled away from Mr. Arnold, again clearly withdrawing her consent from this situation.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 31 of the Complaint.

32.     Mr. Arnold then forced his hands down the front of Ms. Wong's jeans and beneath her underwear.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 32 of the Complaint.

33.     Ms. Wong yelled to Mr. Arnold, "stop, I don't want to do this!"

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 33 of the Complaint.

34.     In an effort to block Mr. Arnold from continuing the assault and defend herself, Ms. Wong placed one of her hands on the outside of her jeans near her pelvis. For at least the fifth time, Mr. Arnold ignored the demands of Ms. Wong, and with his free hand, Mr. Arnold violently pulled Ms. Wong's hand away from her jeans.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 34 of the Complaint.

35.     Ms. Wong's right hand at this time was on Mr. Arnold's left arm frantically attempting to remove it from her jeans; her left hand was blocking his hand from the outside; during this time Mr. Arnold was using his right hand to force her arm away.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 35 of the Complaint.

36.     Knowing that Mr. Arnold could easily overpower her, Ms. Wong was in extreme fear for her physical safety.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 36 of the Complaint.

37. Despite every demand to stop his actions, Mr. Arnold kept moving his hands further into Ms. Wong's clothing, touching her genitals, and penetrating her vagina with his fingers.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 37 of the Complaint.

38. In response to her numerous appeals to stop the encounter, Mr. Arnold urged, "but you're f##king wet."

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 38 of the Complaint.

39. Ms. Wong was in fact menstruating at the time of the sexual assault.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 39 of the Complaint.

40. When she informed Mr. Arnold that she was menstruating, Mr. Arnold momentarily stopped, allowing enough time for Ms. Wong to get off the couch and pull her shirt down.

**ANSWER:** LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 40 of the Complaint.

41.     Ms. Wong threw on her shoes, began to order an Uber, and departed Mr. Arnold's residence.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 41 of the Complaint.

42.     While waiting for the Uber to arrive and during the entirety of the ride, Ms. Wong called a fellow employee from LEYE and recounted everything that had just occurred.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 42 of the Complaint.

43.     On Saturday, November 10, 2018, Mr. Arnold contacted Ms. Wong and stated that he was no longer willing to participate in a previously-coordinated *Chicago Magazine* photoshoot, scheduled to take place on Wednesday, November 14, 2018.

**ANSWER:**     Upon information and belief, LEYE admits that Plaintiff claims that on November 10, 2018, Arnold informed her via text message that he would not be participating in a *Chicago Magazine* photo shoot scheduled for November, 14, 2018.  Answering further, LEYE states that despite Arnold's November 10, 2018 text message, Arnold participated in the photoshoot on November 14, 2018.  LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 43 of the Complaint and therefore denies said allegations.

44.     Upon information and belief, Arnold did so with the intention to intimidate Ms. Wong into engaging in a conversation with him.

**ANSWER:**     LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations and therefore denies the allegations of paragraph 44 of the Complaint.

45.     On Sunday, November 11, 2018, Wong contacted Arnold to confirm he was not participating in the photoshoot, so she could properly manage her media contacts with *Chicago Magazine*.

**ANSWER:**     Upon information and belief, LEYE admits that on November 11, 2018, Plaintiff contacted Arnold via text message to confirm whether Arnold would be participating in the November 14th *Chicago Magazine* photoshoot and that Arnold confirmed that he would participate.  LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations and therefore denies the remaining allegations of paragraph 45 of the Complaint.

### *Wong Reports the Sexual Assault to Lettuce Entertain You*

46.     On Monday, November 12, 2018, Wong arrived at the corporate offices of LEYE after having requested to speak to her supervisor, Emily Clark, and the Vice President of Marketing, Jennifer Bell.

**ANSWER:**     LEYE admits the allegations in paragraph 46 of the Complaint.

47.     Wong recounted the horrific events of November 5, 2018, without disclosing the name of the assailant.

**ANSWER:**     LEYE admits that Plaintiff informed Ms. Clark and Ms. Bell of certain alleged events that she claimed to have occurred on November 5, 2018 but did not initially disclose who allegedly was involved.  LEYE denies the remaining allegations of paragraph 47 of the Complaint.

48.     When asked about the recourse of reporting the events of November 5, 2018, Jennifer Bell stated that "he should not work here."

**ANSWER:**     LEYE denies the allegations of paragraph 48 of the Complaint.

49.     As the conversation continued among Ms. Wong, Ms. Clark and Ms. Bell, Ms. Bell deduced the identity of the assailant.

**ANSWER:** LEYE admits that Ms. Clark and Ms. Bell learned that Plaintiff was accusing Arnold of the alleged conduct. LEYE denies the remaining allegations of paragraph 49 of the Complaint.

50. Upon learning that Mr. Arnold was the perpetrator of the sexual assault, Ms. Bell asked that Ms. Wong speak with Susie Southgate-Fox, the head of human resources at LEYE.

**ANSWER:** LEYE admits that Ms. Bell advised Plaintiff to speak with Susie Southgate-Fox, who at the time was Senior Vice President of Human Resources with LEYE. LEYE denies the remaining allegations of paragraph 50 of the Complaint.

51. Eventually, Ms. Wong was escorted to Ms. Southgate-Fox's office.

**ANSWER:** LEYE admits that Ms. Bell accompanied Plaintiff into Ms. Southgate-Fox's office. LEYE denies the remaining allegations of paragraph 51 of the Complaint.

52. During the meeting between Ms. Wong and Ms. Southgate-Fox, Ms. Southgate-Fox asked Ms. Wong questions like "why were you even there [at Mr. Arnold's residence}," ''what would you like to happen," "are you saying he should be fired," and "firing him would be drastic, would an apology work?"

**ANSWER:** LEYE admits that as part of LEYE's initial investigation into Plaintiff's allegations against Arnold, Ms. Southgate-Fox asked Plaintiff several questions about the circumstances leading to the alleged conduct, the alleged conduct itself, and possible actions that were being considered by the Company. Defendant denies the remaining allegations of paragraph 52 of the Complaint.

53. During the conversation, Ms. Southgate-Fox stated at least three times that terminating Mr. Arnold's employment would be "drastic."

**ANSWER:** LEYE denies the allegations in paragraph 53 of the Complaint.

### *The Response by Lettuce Entertain You and Ms. Wong's Subsequent Termination*

54. LEYE boasts on its website that "[o]ur success depends on everyone working together as a team. We believe that asking for help is a sign of strength and we are always there for each other."

**ANSWER:** LEYE admits that its website states that "[o]ur success depends on everyone working together as a team. We believe that asking for help is a sign of strength and we are always there for each other." LEYE denies the remaining allegations in paragraph 54 of the Complaint.

55. LEYE's response to Ms. Wong was in total disregard of that public message. Since reporting the sexual assault to LEYE, Ms. Wong was severely punished for her actions, behavior that is consistent with LEYE's treatment of victims who report incidents of sexual assault and harassment by its employees, and proof that LEYE fosters a culture of tolerance for these types of outrageous and unacceptable behavior.

**ANSWER:** LEYE denies the allegations in paragraph 55 of the Complaint.

56. Shortly after the November 12, 2018 conversation with Ms. Southgate-Fox, Ms. Wong was instructed to stay away from the restaurants where Arnold was the director; these areas included restaurants located in the Chicago, Illinois neighborhoods of River North, West Loop and Lincoln Park.

**ANSWER:** LEYE denies the allegations in paragraph 56 of the Complaint.

57. Ms. Wong was instructed not to participate in two media building reservations, a crucial component to her job.

**ANSWER:** LEYE denies the allegations of paragraph 57 of the Complaint.

58. On or about Wednesday, November 14, 2018, Ms. Southgate-Fox initiated a second meeting with Ms. Wong at Foodlife in Water Tower Place in Chicago, Illinois.

**ANSWER:** LEYE admits that, as part of its internal investigation, Plaintiff met with Ms. Southgate-Fox and with John Simmons on November 14, 2018 at Foodlife in the Water Tower Place in Chicago, Illinois. LEYE denies the remaining allegations of paragraph 58 of the Complaint.

59.    When Ms. Wong arrived at Foodlife, John Simmons, a vice president of human resources at LEYE met her.

**ANSWER:**    LEYE admits the allegations in paragraph 59 of the Complaint.

60.    Mr. Simmons then led Ms. Wong to a different, more private dining room.  Mr. Simmons informed Ms. Wong he was there simply to observe and take notes.

**ANSWER:**    LEYE admits the allegations in paragraph 60 of the Complaint.

61.    Moments later, Ms. Southgate-Fox joined Mr. Simmons and Ms. Wong.  Ms. Southgate-Fox began the discussion by asking Ms. Wong questions about the New Zealand trip.

**ANSWER:**    LEYE admits that Ms. Southgate-Fox joined Mr. Simmons and Plaintiff to investigate Plaintiff's allegations against Arnold.  LEYE denies the remaining allegations in paragraph 61 of the Complaint.

62.    Southgate-Fox then peppered Ms. Wong with additional questions, such as "do you think Ryan thinks he did anything wrong?," "do you think Ryan thinks he violated you?," and "the thing is no one will ever know who's telling the truth or what really happened that night except you and Ryan."

**ANSWER:**    LEYE admits that as part of LEYE's investigation into Plaintiff's allegations against Arnold, Ms. Southgate-Fox asked Plaintiff several questions about the circumstances leading to the alleged conduct, the alleged conduct itself, and possible actions that were being considered by the Company.  Defendant denies the remaining allegations of paragraph 62 of the Complaint.

63.    Southgate-Fox asked Wong no less than three times whether she thought Arnold should be fired from LEYE. Upon the third time asking this question, Ms. Wong responded, ''well, do you think Ryan should get fired?"

**ANSWER:**    LEYE admits that as part of LEYE's initial investigation into Plaintiff's allegations against Arnold, Ms. Southgate-Fox asked Plaintiff several questions about the circumstances leading to the alleged conduct, the alleged conduct itself, and potential actions that

were being considered by the Company. Defendant denies the remaining allegations of paragraph 63 of the Complaint.

64. In response, Southgate-Fox stated, "I don't know, that's what we're trying to figure out."

**ANSWER:** LEYE admits that as part of LEYE's initial investigation into Plaintiff's allegations against Arnold, Ms. Southgate-Fox asked Plaintiff several questions about the circumstances leading to the alleged conduct, the alleged conduct itself, and potential actions that were being considered by the Company. Defendant denies the remaining allegations of paragraph 64 of the Complaint.

65. On or about November 21, 2018, LEYE unilaterally terminated Ms. Wong's access to her e-mail account with LEYE.

**ANSWER:** LEYE denies the allegations in paragraph 65 of the Complaint.

66. On or about November 21, 2018, LEYE crafted an automated "out of office response" that read, "Emily is currently out of the office with limited access to email or voicemail. Please contact Emily Clark (eclark@leye.com) in her absence. Thanks [sic] you."

**ANSWER:** LEYE admits the allegations in paragraph 66 of the Complaint.

67. On or about November 21, 2018, LEYE placed Ms. Wong on a "paid" leave status.

**ANSWER:** LEYE admits that on November 21, 2018, the parties mutually agreed that Plaintiff would not come in to work but would be paid. LEYE denies the remaining allegations in paragraph 67 of the Complaint.

68. On or about November 26, 2018, despite her concerns otherwise, other LEYE employees began performing the core and essential tasks of Wong's job, constructively terminating her position.

**ANSWER:** LEYE denies the allegations in paragraph 68 of the Complaint.

69.     On or about September 18, 2019, the Illinois Department of Human Rights ("IDHR") provided notice to LEYE of "Out of IDHR's Investigation and Administrative Process" and issued a "right to commence an action in circuit court." (See attached Exhibit "A").

**ANSWER:**     LEYE denies the allegations in this paragraph to the extent they selectively quote or summarize the contents of Exhibit A.  Exhibit A is a written document that speaks for itself.  LEYE denies the remaining allegations in paragraph 69 of the Complaint.

70.     On or about September 18, 2019, the Illinois Department of Human Rights ("IDHR") provided notice to Mr. Arnold of "Out of IDHR's Investigative and Administrative Process" and issued a "right to commence an action in circuit court." (See attached Exhibit "B").

**ANSWER:**     LEYE denies the allegations in this paragraph to the extent they selectively quote or summarize the contents of Exhibit B.  Exhibit B is a written document that speaks for itself.  LEYE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's remaining allegations and therefore denies the remaining allegations of paragraph 70 of the Complaint.

### COUNT I – SEXUAL ASSAULT
### (Against Defendant Arnold)

71.     Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 71 of this Count I as though fully set forth herein.

**ANSWER:**     LEYE restates and re-alleges its responses to each and every allegation in the Complaint.

72.     Mr. Arnold committed an act of sexual penetration upon Ms. Wong using force.

**ANSWER:**     The allegations in Count I are not directed to LEYE and accordingly no answer is required.  To the extent that a response is required, LEYE denies the allegations in Paragraph 72.

73.     As a direct result of Arnold's wrongful conduct, Ms. Wong has suffered the injuries described herein.

**ANSWER:**     The allegations in Count I are not directed to LEYE and accordingly no answer is required.  To the extent that a response is required, LEYE denies the allegations in Paragraph 73.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendant Ryan Arnold as follows:

        A.     For damages in excess of $50,000;

        B.     For punitive damages in excess of $50,000;

        C.     For costs of the suit, and

        D.     For any other relief that this Court deems just.

**ANSWER:**     The allegations in Count I are not directed to LEYE and accordingly no answer to Count I's prayer for relief is required.  To the extent that a response is required, LEYE denies that Plaintiff is entitled to any of the relief identified in Count I's prayer for relief.

## COUNT II – BATTERY
### (Against Defendant Arnold)

74.     Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 74 of this Count II as though fully set forth herein.

**ANSWER:**     LEYE restates and re-alleges its responses to each and every allegation in the Complaint.

75.     Mr. Arnold touched Ms. Wong without her authorization.

**ANSWER:**     The allegations in Count II are not directed to LEYE and accordingly no answer is required.  To the extent that a response is required, LEYE denies the allegations in Paragraph 75.

76. As a direct result of Arnold's wrongful conduct, Plaintiff has suffered the injuries described herein.

**ANSWER:** The allegations in Count II are not directed to LEYE and accordingly no answer is required. To the extent that a response is required, LEYE denies the allegations in Paragraph 76.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendant Ryan Arnold as follows:

> A. For damages in excess of $50,000;
>
> B. For punitive damages in excess of $50,000
>
> C. For costs of the suit, and
>
> D. For any other relief that this Court deem just.

**ANSWER:** The allegations in Count II are not directed to LEYE and accordingly no answer to Count II's prayer for relief is required. To the extent that a response is required, LEYE denies that Plaintiff is entitled to any of the relief identified in Count II's prayer for relief.

### COUNT III – FALSE IMPRISONMENT
### (Against Defendant Arnold)

77. Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 77 of this Count III as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation in the Complaint.

78. Mr. Arnold unreasonably restrained the liberty of Ms. Wong against her will.

**ANSWER:** The allegations in Count III are not directed to LEYE and accordingly no answer is required. To the extent that a response is required, LEYE denies the allegations in Paragraph 78.

79. As a direct result of Arnold's wrongful conduct, Plaintiff has suffered the injuries described herein.

**ANSWER:** The allegations in Count III are not directed to LEYE and accordingly no answer is required. To the extent that a response is required, LEYE denies the allegations in Paragraph 79.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendant Ryan Arnold as follows:

      A.     For damages in excess of $50,000;

      B.     For punitive damages in excess of$50,000;

      C.     For costs of the suit; and

      D.     For any other relief that this Court deems just.

**ANSWER:** The allegations in Count III are not directed to LEYE and accordingly no answer to Count III's prayer for relief is required. To the extent that a response is required, LEYE denies that Plaintiff is entitled to any of the relief identified in Count III's prayer for relief.

## COUNT IV - VICARIOUS LIABILITY
### (Against LEYE)

80. Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 80 of this Count IV as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation in the Complaint.

81.     At all relevant times, LEYE employed Mr. Arnold. Arnold was under the direct supervision, employ, and control of LEYE when he committed the wrongful acts described herein.

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies the allegations in paragraph 81 of the Complaint.

82.     Arnold engaged in this conduct while acting in the course and scope of his employment with LEYE and/or accomplished the sexual assault by virtue of his job-created apparent authority.

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies the allegations in paragraph 82 of the Complaint.

83.     LEYE granted Arnold authority to perform as an agent within LEYE.

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies the allegations in paragraph 83 of the Complaint.

84.     LEYE held Arnold out to the community as a fit and competent agent of LEYE.

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies the allegations in paragraph 84 of the Complaint.

85.     Arnold committed the acts alleged within the apparent authority arising from his agency.

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies the allegations in paragraph 85 of the Complaint.

86. Said conduct was undertaken in the course and scope of Arnold's employment with LEYE and/or was ratified by LEYE.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 86 of the Complaint.

87. Arnold was acting at least in part to serve the interests of his employer when be committed the sexual assault. Specifically, Arnold was acting as an agent, as well as using the trust, power and authority of the position granted, while he was with the Plaintiff.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 87 of the Complaint.

88. As a direct result of Defendant's wrongful conduct, Plaintiff has suffered the injuries described herein.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 88 of the Complaint.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendant Lettuce Entertain You Enterprises, Inc. as follows:

        A.     For damages in excess of $50,000;

        B.     For punitive damages in excess of $50,000;

        C.     For costs of the suit; and

        D.     For any other relief that this Court deems just.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's vicarious liability claim. Accordingly, no answer is required. To the extent an

answer is required, LEYE denies that Plaintiff is entitled to any of the relief in Count IV's prayer

for relief.

## COUNT V – SEXUAL HARASSMENT
### (Against LEYE And Arnold, Individually)

89.     Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 89 of this Count V as though fully set forth herein.

**ANSWER:**    LEYE restates and re-alleges its responses to each and every allegation in

the Complaint.

90.     On or about November 5, 2018, Ms. Wong was subjected to sexual harassment by Ryan Arnold, an employee of Lettuce Entertain You. The sexual harassment consisted of unwelcome advances and touching.

**ANSWER:**    LEYE objects to paragraph 90 because it calls for a legal conclusion.

Accordingly, no response is required.  To the extent that a response is required, LEYE denies the

allegations in paragraph 90 of the Complaint.

91.     Ms. Wong found the harassment offensive and Wong rejected the advances.

**ANSWER:**    LEYE lacks sufficient knowledge or information to form a belief as to the

truth of Plaintiff's allegations, and therefore denies the allegations in paragraph 91 of the

Complaint.

92.     Ms. Wong reported the harassment issue to the Human Resources Department of LEYE in November 2018 and her employment was constructively terminated as a result in that LEYE instructed her not to be present in the same working environment as the perpetrator of the sexual harassment.

**ANSWER:**    LEYE admits that Plaintiff reported Arnold's alleged conduct to its Human

Resources department in November 2018.  LEYE denies the remaining allegations in paragraph

92 of the Complaint.

93. The sexually offensive conduct created a hostile and intimidating work environment and interfered with Ms. Wong's ability to do her job.

**ANSWER:** LEYE objects to paragraph 90 because it calls for a legal conclusion. Accordingly, no response is required. To the extent that a response is required, LEYE denies the allegations in paragraph 93 of the Complaint.

94. As a direct result of Defendant's wrongful conduct, Plaintiff has suffered the injuries described herein.

**ANSWER:** LEYE denies the allegations in paragraph 94 of the Complaint.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendants Lettuce Entertain You Enterprises, Inc. and Ryan Arnold as follows:

      A.      For damages in excess of $50,000;

      B.      For punitive damages in excess of $50,000;

      C.      For costs of the suit; and

      D.      For any other relief that this Court deems just.

**ANSWER:** LEYE denies that Plaintiff is entitled to any of the relief identified in Count V's prayer for relief, or to any relief whatsoever.

## COUNT VI – RETALIATORY DISCHARGE
### (Against LEYE)

95. Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 95 of this Count VI as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation of the Complaint.

96. In November 2018, Wong reported sexual harassment/sexual assault by Arnold to Human Resources Department at LEYE.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's retaliatory discharge claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 96 of the Complaint.

97. On or about November 21, 2018, Ms. Wong was discharged by LEYE.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's retaliatory discharge claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 97 of the Complaint.

98. The discharge followed Wong's complaint within a short period of time, thereby raising an inference of retaliatory motivation.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's retaliatory discharge claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 98 of the Complaint.

99. As a direct result of Defendant's wrongful conduct, Plaintiff has suffered the injuries described herein.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's retaliatory discharge claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 99 of the Complaint.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter judgment against Defendant Lettuce Entertain You Enterprises, Inc. as follows:

A. For damages in excess of $50,000;

B. For punitive damages in excess of $50,000;

C. For costs of the suit; and

D. For any other relief that this Court deems just.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's retaliatory discharge claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies that Plaintiff is entitled to any of the relief in Count VI's prayer for relief.

## COUNT VII – NEGLIGNET SUPERVISION
### (Against LEYE)

100. Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 100 of this Count VII as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation of the Complaint.

101. At an times material, Arnold was employed by, and/or was an agent of LEYE.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 101 of the Complaint.

102. Arnold was under Defendant LEYE's and/or Arnold's direct supervision, employ and control when he committed the wrongful acts alleged herein.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 102 of the Complaint.

103. Arnold engaged in the wrongful conduct while acting in the course and scope of his employment with Defendant LEYE, and Arnold committed the assault by virtue of his job-created authority as a Ms. Wong's supervisor.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 103 of the Complaint.

104. Defendant LEYE had a duty to supervise Arnold while he and Plaintiff were working together.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 104 of the Complaint.

105. Defendant LEYE breached that duty when it failed to exercise ordinary care in supervising Arnold while Arnold and Wong were working together.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 105 of the Complaint.

106. Defendant LEYE failed to prevent the foreseeable misconduct of Arnold from causing harm to others, including the Plaintiff herein.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 106 of the Complaint.

107. As a direct result of Defendant LEYE's negligent conduct, Ms. Wong has suffered the injuries and damages described herein.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 107 of the Complaint.

WHEREFORE, Plaintiff Emily Wong respectfully requests this Honorable Court enter

judgment against Defendant Lettuce Entertain You Enterprises, Inc. as follows:

        A.      For damages in excess of $50,000;

        B.      For punitive damages in excess of $50,000;

        C.      For costs of the suit; and

        D.      For any other relief that this Court deems just.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's negligent supervision claim. Accordingly, no answer is required. To the extent an answer is required, LEYE denies that Plaintiff is entitled to any of the relief in Count VII's prayer for relief.

## COUNT VIII – VIOLATION OF 740 ILCS 174/15

108. Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph l08 of this Count VIII as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation of the Complaint.

109. Defendant LEYE violated the Illinois Whistleblower Act, specifically 740 ILCS 174/20, in terminating or threatening to terminate Ms. Wong for reporting the illegal act by one of its employees, to wit: the sexual assault by Ry Arnold against Ms. Wong.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's Illinois Whistleblower Act claims. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 109 of the Complaint.

WHEREFORE, Plaintiff Emily Wong prays that this Honorable Court enter an Order finding the Defendants, Lettuce Entertain You Enterprises, Inc. and Ran Arnold liable for violating the tortious acts as described herein and order Defendants to:

        A.      Compensate Ms. Wong for damages in excess of $50,000;

B.      Reinstate Ms. Wong with the same employment status she enjoyed prior to the violation of the Whistleblower claims;

C.      Award backpay with interest;

D.      Award her the cost of litigation, to include reasonable attorneys' fees; and

E.      Any other damages this Court deems just.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's Illinois Whistleblower Act claims. Accordingly, no answer is required. To the extent an answer is required, LEYE denies that Plaintiff is entitled to any of the relief in Count VIII's prayer for relief.

## COUNT IX – VIOLATION OF 740 ILCS 174/20.1

110.    Plaintiff re-alleges Paragraphs 1 through and including Paragraph 70 of the Allegations Common to Both Counts as Paragraph 110 of this Count IX as though fully set forth herein.

**ANSWER:** LEYE restates and re-alleges its responses to each and every allegation of the Complaint.

111.    Defendant LEYE violated the Illinois Whistleblower Act, specifically 740 ILCS 174/20.1, in terminating or threatening to terminate Ms. Wong for reporting illegal acts to her supervisors at LEYE, to wit: the sexual assault by Ryan Arnold against Ms. Wong.

**ANSWER:** LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's Illinois Whistleblower Act claims. Accordingly, no answer is required. To the extent an answer is required, LEYE denies the allegations in paragraph 111 of the Complaint.

WHEREFORE, Plaintiff Emily Wong prays that this Honorable Court enter an Order finding the Defendants, Lettuce Entertain You Enterprises, Inc. and Ryan Arnold liable for violating the tortious acts as described herein, and order Defendants to:

A.      Compensate Ms. Wong for damages in excess of $50,000;

B.     Reinstate Ms. Wong with the same employment status she enjoyed prior to the violation of the Whistleblower claims;

C.     Award backpay with interest;

D.     Award her the cost of litigation, to include reasonable attorneys' fees; and

E.     Any other damages this court deems just

**ANSWER:**     LEYE affirmatively states that the Court granted LEYE's Motion to Dismiss Plaintiff's Illinois Whistleblower Act claims.  Accordingly, no answer is required.  To the extent an answer is required, LEYE denies that Plaintiff is entitled to any of the relief in Count IX's prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting any allegations asserted in the Complaint, LEYE asserts the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that LEYE bears any burden of proof on any issue on which it would not otherwise bear such burden.

1.     To the extent that Plaintiff has failed to exhaust her administrative remedies or to comply with the procedural prerequisites for bringing a civil cause of action against LEYE, her claim for relief is barred.

2.     Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of her administrative Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), the Illinois Department of Human Rights ("IDHR"), or any other applicable statute of limitations or other limitations period; (b) alleged incidents of discrimination or harassment not listed in her Charge; and (c) against parties not named in any administrative charge, Plaintiff may not recover any relief for such alleged incidents of discrimination.

3.     Plaintiff's claim for sexual harassment is barred because LEYE's decisions and actions, or failures to act, if any, respecting Plaintiff and her employment were not discriminatory, but were justified by legitimate, non-discriminatory reasons.

4.     To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

5.     LEYE states that, to the extent Plaintiff fails to state a claim upon which relief may be granted, she is not entitled to any award or other relief and her claim should be dismissed in its entirety, with prejudice.

6.     Even if Plaintiff could state a claim for relief in this action, to the extent that Plaintiff cannot prove actual, punitive, or liquidated damages, she can only recover nominal damages.

7.     To the extent Plaintiff suffered any damages, which LEYE denies, Plaintiff's prayer for relief must fail to the extent that she has failed to mitigate her damages as required by law. Alternatively, if Plaintiff did mitigate her alleged damages, LEYE is entitled to an offset against any damages allegedly due Plaintiff.

8.     To the extent that any unlawful or other wrongful acts were committed by any LEYE's agents, which LEYE denies, any such acts were outside the scope of the agents' authority and were never authorized, ratified, nor condoned by LEYE, nor did LEYE know or have reason to be aware of such conduct, and such conduct was contrary to LEYE's good faith efforts to comply with the law.

9.     To the extent that Plaintiff's sexual harassment claim arises under the Illinois Human Rights Act, her requested relief for punitive damages must be denied as punitive damages

are not available under the Illinois Human Rights Act.

10.     To the extent that Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, Plaintiff's claims for compensatory and punitive damages are limited by a damages cap imposed by the Civil Rights Act of 1991 and other applicable laws.

11.     To the extent that Plaintiff seeks punitive damages, her claim fails because LEYE did not act with malice or reckless indifference to Plaintiff's statutorily protected rights, and at all times acted in good faith.

12.     During his employment with LEYE, Ryan Arnold did not hold supervisory authority over Plaintiff or any other LEYE employee. Arnold had no authority to affect the terms and conditions of Plaintiff's employment or those of any other LEYE employee.  LEYE therefore cannot be held strictly liable for Arnold's alleged actions.

13.     LEYE has taken reasonable care to prevent and promptly remedy any incidents of alleged discrimination and harassment brought to its attention, and it has policies banning discrimination and harassment in the workplace and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  LEYE acted in accordance with its aforementioned policies at all times.  To the extent that Plaintiff did not avail herself of these policies and procedures, including to the extent that Plaintiff failed to give Defendant notice of incidents of alleged discrimination and harassment, so that LEYE could promptly respond to and remedy them, her claims are barred.

14.     Plaintiff is barred from recovering damages to the extent that she engaged in misconduct, violated LEYE's policies, or engaged in other conduct that would have resulted in her termination by LEYE, or would have precluded her from obtaining or retaining future employment with LEYE had LEYE discovered such conduct.

15.     Plaintiff voluntarily resigned her employment, and she did not experience working conditions so intolerable that a reasonable person in the same position would have felt compelled to resign.

16.     Plaintiff's claims fail to the extent that they are barred, in whole or in part, by the doctrine of waiver, equitable estoppel, unclean hands, and/or laches.

LEYE reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional defenses as established by the facts of the case.

Dated:  May 21, 2021

Respectfully submitted,

**LETTUCE ENTERTAIN YOU
ENTERPRISES, INC.**


By: */s/ Shanthi V. Gaur*
        One of Its Attorneys


Shanthi V. Gaur
Michael Congiu
Abby L. Bochenek
Daniel Y. Kim
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
312.372.5520
sgaur@littler.com
mcongiu@littler.com
abochenek@littler.com
dkim@littler.com

## CERTIFICATE OF SERVICE

Shanthi Gaur, an attorney, hereby certifies that on May 21, 2021, she electronically filed *Defendant Lettuce Entertain You Enterprise, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint* via the CM/ECF filing system with the United States District Court for the Northern District of Illinois, which sent electronic notification of such filing to the following individuals, and sent a copy of the same via email:

**TREVOR J. ORSINGER**
Orsinger Law Group, P.C.
129 West Willow Avenue
Wheaton, Illinois 60187
*trevor@orsingerlawgroup.com*

**DANIEL M. NELSON**
Nelson Law Offices, P.C.
129 West Willow Avenue
Wheaton, Illinois 60187
*dan@nelsonlawoffices.com*

**KEVIN FREY**
Laner Muchin Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
*kfrey@lanermuchin.com*

**SUSAN J. BEST**
Laner Muchin Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
*sbest@lanermuchin.com*

*/s/ Shanthi V. Gaur*
Shanthi Gaur